## No. 10,166.

### B. SALOY VS. JAMES WOODS.

40   585
e110  528
111   240

The provision in the present State Constitution directing the collection of taxes otherwise than by suit, was not self-operative; hence, a suit for a city tax instituted and prosecuted before the legislative act was passed to carry into effect the said provision, operated to interrupt prescription against the tax. City vs. Wood & Bro., re-affirmed, 34 Ann. 732.

An assessment on merchandise or money at interest does not, though duly recorded, operate as a privilege on the immovables of the tax payers under Act 77 of 1880. See Section 24 of said act.

Act 95 of 1882, fixing the term of prescription against tax mortgages and privileges at five years, does not contravene Art. 176 of the Constitution; nor does the provision in that article, as to the time within which privileges shall be recorded, apply to tax privileges.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Charles Louque* for Plaintiff and Appellant.

*J. Ward Gurley* for City of New Orleans, Third Opponent and Appellee.

The opinion of the Court was delivered by

TODD, J.   Plaintiff caused certain immovable property, situated in the city of New Orleans, to be sold under executory process to enforce the payment of a mortgage thereon.

The city, by third opposition, claimed to be paid by preference out of the proceeds of sale of the city taxes for the years 1882, 1883, 1884, 1885, 1586 and 1887, assessed against the defendant.

From a judgment in favor of the city, maintaining the opposition for the full amount claimed, the plaintiff has appealed.

### I.

Against the tax and tax privilege of 1882, the prescription of three and five years is pleaded.

This question must be governed by the revenue act (771 of 1880). The 24th section of that act provides: "That taxes, tax mortgages and tax privileges shall be prescribed by three years from the date of filing the tax roll in the office of the recorder of mortgages." The tax roll was so filed on the 14th of July, 1883, and the city's opposition, claiming the tax, was instituted on the 20th of September, 1887.

There was, however, a suit instituted for the recovery of the tax in 1882, which interrupted prescription.

The counsel for plaintiff, however, contends that this suit did not interrupt prescription, because of the constitutional inhibition (Art.

401) against this method of collecting taxes. It was held by this Court in City vs. Wood & Bro., 34 Ann. 732, and Mayer vs. Hyman, 35 Ann. 301, that this inhibition did not become operative until rendered so by subsequent legislation. Therefore, the suit was effective to interrupt prescription, and the claim was not barred.

## II.

As relates to the taxes of 1883 and 1884, prescription must be determined by Act 95 of 1882. Section 34 of that act changes the prescriptive term, with respect to taxes, tax mortgages, etc., from three to five years.

The taxes were recorded in the mortgage office respectively July 31, 1884, and February 24, 1885. Prescription, therefore, had not run when the opposition was filed.

The plaintiff, however, claims that the question of prescription relating to these taxes must be governed by Act 176 of the Constitution, under which it is contended the prescription term is fixed at three years, and without reference to the date of record. In the case of Davidson vs. Lindop, 36 Ann. 765, this Court held otherwise, and to that decision we still adhere.

Nor does the requirement contained in that article, as to the time within which privileges must be recorded, apply to privileges for taxes.

It is, however, shown that part of the tax of 1884 resulted from an assessment of money, at interest, and merchandise amounting to $5000.

Of course, this assessment did not operate as a privilege on the real estate of the tax-payer. Therefore, the amount of the tax on this item must be rejected as a charge upon said proceeds. Two per cent on $5000 is just $100, which must be deducted from amount allowed in the judgment below. Sec. 24, Act 77 of 1880.

For the same reason a deduction of $50 must be made from the city tax of 1886. The tax of this year (1886), save in this respect, is not objected to, and the tax of 1885 is admitted to be correct.

## III.

We find in the record no tax bill of 1887. It is mentioned in the note of evidence, but neither the bill was filed nor any evidence relating to it was introduced. The amount of the tax for this year must, therefore, be rejected.

This completes the review of all matters embraced in the appeal,

and from the conclusions announced, the judgment will have to be amended.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended as follows :

That $100 be deducted from the amount allowed for tax of 1884, and the further sum of $50 be deducted from the tax allowed for 1886.

That the tax of 1887 on the claim of privilege therefor be dismissed · as of non-suit.

That the judgment, as thus amended, be affirmed, the appellee to pay the costs of appeal.