No. 13,090.

STATE EX REL. ROBERT A. HART VS. CITY OF NEW ORLEANS ET AL.

SYLLABUS.

The *proviso* of Art. 186 of the Constitution of 1898 again held not to be retrospective in its operation. The doctrine announced in Succession of William Parham, 51 La., Ann., ——, reaffirmed.

IN RE Robert A. Hart Applying for Certiorari, or Writ of Review, to the Court of Appeals for the Parish of Orleans.

*Thomas J. Kernan, Dart & Kernan* for Relator.

*W. B. Sommerville,* Assistant City Attorney, for Respondent.

Submitted on briefs March 7, 1899.
Opinion handed down April 3, 1899.

The opinion of the court was delivered by

BLANCHARD, J.   The writ of review applied for was granted in the following order, made by this court, viz.:

"This application invokes the construction of Art. 186 of the Constitution of 1898.   While that article is substantially a reproduction of Art. 176 of the Constitution of 1879, a new and enlarged clause was added to it in the later constitution, which clause has not yet received the interpretation of this court.   For this reason, the preliminary writ applied for is granted.   The record of the case is ordered to be brought up, parties interested will be notified, and time given until Monday, March 6, 1899, in which to file briefs."

The applicant had instituted in the Civil District Court for the

Parish of Orleans a proceeding by *mandamus* against the city of New Orleans and the Recorder of Mortgages for the cancellation and erasure of the inscription of certain city taxes and tax liens and privileges for the years from 1874 to 1893, inclusive, appearing upon the public records and affecting certain properties of which he averred himself the owner.

The ground upon which he had based his demand for this cancellation and erasure was that the assessments, on which the taxes had been levied against the property, were null and void because made in the names of persons not the owners of the property at the time of the assessments, and because the tax liens and privileges recorded against the property were prescribed by three, five and ten years.

The judgment of the District Court, rendered in December, 1897, directed the cancellation and erasure of the tax inscriptions for the years from 1877 to 1893, both inclusive, but refused the relief sought as to the inscriptions for the years 1874, 1875, 1876, 1894 and 1895.

An appeal was prosecuted to the Court of Appeals for the Parish of Orleans. Pending this appeal the Constitution of 1898 was adopted, with its Art. 186, and based on this article a new plea of prescription of three years was filed in the Court of Appeals by the relator, who was appellant.

That court considered the case from the standpoint as made up and determined in the District Court, and also in the new aspect as presented by the plea of prescription based on Art. 186 of the new Constitution.

Its decision, as to both, was against the relator, and the judgment of the District Court, ordering the cancellation of the tax inscriptions in part and refusing same in part, was affirmed.

Whereupon relator applied to this court for its writ of review, urging that the Court of Appeals had erred, first, in holding the assessments complained of good, and the taxes predicated thereon valid, outstanding obligations, and, second, in denying the applicability of the prescription announced in the last clause of Art. 186 of the Constitution of 1898.

From the order granted by this court, and heretofore quoted, it is apparent that the case is brought up only in so far as may be necessary to review the interpretation put by the Honorable Court of Appeals upon Art. 186 of the Constitution aforesaid, in its effect and operation upon the state of facts disclosed by this controversy.

58

It is not considered that the case as made up and determined in the District Court, and affirmed by the Court of Appeals, presents any question of law or fact justifying the bringing of it here under the authority with which this court is vested by Art. 101 of the Constitution of 1898.  *In re* A. J. Ingersoll, 50 La. Ann. 748.

Since the order was granted bringing up the case for review as to the interpretation put by the Court of Appeals upon the concluding clause of Art. 186 of the Constitution of 1898, this court has had occasion to consider that clause, and has placed the same construction upon it as did the Court of Appeals in the instant case.

Therefore, for the reasons assigned in the opinion of MR. JUSTICE WATKINS, as the organ of the court, in Succession of William Parham, *et al*—on Rule against Tax Collector to cancel and erase certain tax privileges and liens—recently decided, it is ordered, adjudged and decreed that the judgment of the Honorable Court of Appeals in this cause be not disturbed, and the same is sustained as the proper adjudication of the issue presented in respect to the question arising on the interpretation of the *proviso* of Art. 186 of the Constitution.