W. L. POWELL, APPELLANT, VS. FLORIDA LAND AND IMPROVEMENT COMPANY, APPELLEE.

In this State, so long as an appeal with supersedeas from an order granting an injunction is pending, the power of the courts to enforce the injunction, or to punish as contempts acts in violation of its terms, committed during such time, is suspended.

Appeal from the Circuit Court for Sumter county.

The facts in the case are stated in the opinion of the court.

*Anderson & Hocker*, for Appellant.

*L. G. Starbuck*, for Appellee.

CARTER, J.:

On February 8, 1899, in a chancery cause pending in the Circuit Court of Sumter county, wherein appellee was complainant and appellant defendant, an interlocutory decree was rendered overruling a demurrer to the bill of complaint and directing that a writ of injunction issue to restrain Powell from obtaining a tax deed to certain lands described in the bill, in pursuance of which

the injunction issued as directed on February 10. Powell entered his appeal to this court from the interlocutory decree and on February 14 the Circuit Judge made an order that the appeal operate as a supersedeas upon certain conditions which were promptly complied with. Thereafter Powell applied for and obtained the tax deed mentioned in the injunction order, and upon application of appellee, supported by affidavit and documentary evidence, this court issued a rule against Powell reciting the facts as stated above and requiring him to show cause why he should not be held in contempt for his alleged violation of the injunction. Powell answers, admitting the facts as stated, but insisting that his appeal with supersedeas authorized him to do the acts forbidden by the injunction, contending that upon his compliance with the terms of the supersedeas order, the injunction became inoperative, null and void.

We shall not at this time decide whether this court or the Circuit Court is the proper forum in which to punish for contempt the violation of an injunction granted by the latter during the pendency of an appeal from the order granting it, because neither party has suggested the point, and we can dispose of the rule upon other grounds.

If we considered the question an open one in this State, we should incline to the view maintained by most of the State appellate courts, as well as the Supreme Court of the United States, that a supersedeas does not suspend or affect the force and operation of a decree granting an injunction not mandatory in its character unless the supersedeas order be specially framed to accomplish that end. But we think that under our decisions a pending supersedeas prevents for the time being all proceedings to enforce an injunction appealed

from, or to punish for its violation during the pendency
of the supersedeas. The force and effect of a superse-
deas is clearly stated in the second head-note to Bacon
v. Green, 36 Fla. 313, 18 South. Rep. 866, as follows:
"A supersedeas has the effect to suspend further pro-
ceedings in relation to a judgment superseded, but it
does not, like a reversal, annul it. The supersedeas be-
ing preventive in its nature, does not set aside what the
trial court has adjudicated, but stays further proceed-
ings in relation to the judgment until the appellate court
acts thereon." In State v. Johnson, 13 Fla. 33, it was
held that a supersedeas upon appeal from an interlocu-
tory order appointing a receiver *pendente lite* suspended
the power of the court and its officers in reference to
the order, that any action by any person under such
order in disregard of the effect of the supersedeas would
constitute a contempt of the appellate court, and that
the effect of the supersedeas in such a case would require
the receiver to restore the property in his possession to
the hands of the defendant from whom he had received
it by virtue of the order appealed from. In McMichael
v. Eckman, 26 Fla. 43, 7 South. Rep. 365, and Smith v.
Whitfield, 38 Fla. 211, 20 South. Rep. 1012, it was held
that an appeal with supersedeas from an order dissolving
an injunction operated to restore or reinstate the in-
junction. This result can be reached only upon the
theory that the dissolution order is itself wholly sus-
pended by the supersedeas so that its natural intrinsic
effect can not be made operative. The clear effect of
the decision in Jacoby v. Shomaker, 26 Fla. 502, 7 South.
Rep. 855, is to hold that a supersedeas upon an appeal
from an order granting an injunction operates to prevent
the court from enforcing the injunction and thereby en-
ables the party enjoined to do those things which the

injunction forbids without fear of punishment during
the pendency of the supersedeas. Indeed the supersedeas was denied upon the ground that if granted Jacoby
could do those things forbidden by the injunction, and
upon no other theory under our practice could it have
been denied in that case. It necessarily results from
these decisions that so long as an appeal with supersedeas from an order granting an injunction is pending the
power of the courts to enforce the injunction, or to
punish as contempts acts in violation of its terms committed during such time, is suspended so that under the
circumstances disclosed in this case, neither this court
nor the Circuit Court can punish as a contempt the acts
here complained of. It may be that as the supersedeas
does not annul or set aside the order of the Circuit
Court, but merely suspends for the time being the power
to take cognizance of violations thereof, the court can
after the order has been affirmed, or the appeal dismissed or supersedeas vacated, take notice of and punish acts committed in violation of the order during the
pendency of the supersedeas, but it is unnecessary for
us to determine in this case whether this can be done or
not.

For the reasons stated, the rule for contempt is discharged.