On the Merits.
(Nov. 3, 1903.)
MONROE, J.
Relator, as the owner of two lots of ground in the city of New Orleans designated as lot 10 in the square bounded by Melpomene, St. Charles, Oarondelet, and Terpsichore streets, and lot 15 in the square bounded by Gravier, Baronne, Union, and *239 Carondelet streets, instituted this proceeding in January, 1898, against the comptroller of the city of New Orleans, the state tax collector, and the recorder of mortgages, to compel those officials to cancel from the hooks of their respective offices certain tax inscriptions, and to prevent them from reporting the same and other unrecorded taxes as liens, privileges, or claims against said lots. The taxes and inscriptions complained of include that for drainage, under the act of 1857, and the state and city taxes, recorded and unrecorded, for different years from 1868 to 1897. It is alleged that the drainage scheme for which the tax in question was levied has been abandoned, and that the claim" for the tax has been merged in a judgment, which is barred by the prescription of 10 years; that, with respect to the state and city taxes which have been recorded, the inscriptions in some instances have been canceled by judicial decrees, and that in other instances the privileges resulting therefrom are barred by the prescriptions of 2, 3, 5, and 10 years; and, with respect to those which have not been recorded, that they do not affect the property in the hands of the relator, as a third person, and that the privileges therefor, if any ever existed, are' barred by the prescriptions mentioned.
The recorder of mortgages, having no interest, answers pro forma. The city comptroller answers that the taxes and privileges complained of are valid; that the tax of 1896 was not three years old when the suit was filed; that the collection of the taxes of 1882, 1883, 1884, 1885, and 1886 was prevented by injunction; and that the city taxes and privileges for 1868, 1809, 1870, and 1871 are imprescriptible. And this answer, so far as applicable, is adopted by the state tax collector.
It is a matter of history, of which this court is informed through its own records and decrees offered in evidence, through the opinions and decrees of the Supreme Court of the United States, and through the public statutes of the state, that the drainage work for which the tax here in question was imposed has long since been abandoned, and that the relator’s lots are now taxed in support of a system of drainage inaugurated under recent legislation. Davidson v. City, 34 La. Ann. 170; City of N. O. v. Warner, 175 U. S. 120, 20 Sup. Ct. 44, 44 L. Ed. 96; Acts of the General Assembly of 1877, p. 106, No. 67, and Acts 1899, p. 16, No. 6; State v. Kohnke, 109 La. 838, 33 South. 793. The inscriptions of the drainage assessments of which the relator complains should therefore be canceled.
It is admitted that the taxes of 1868 and 1869 referred to in the petition have been declared void by judgments long since rendered, and that those of 1894, 1895, 1896, and 1897 have been paid. The other taxes involved in this litigation are for different years from 1870 to 1890, inclusive of the two years mentioned. Under Acts 1877, p. 142, No. 96, § 36, article 176 of the Constitution of 1879, and the legislation subsequent thereto (vide Acts 1880, p. 95, No. 77, § 24; Acts' 1882, p. 130, No. 96, § 34; Acts 18S6, p. 37, No. 26, § 1; Id. p. 145, No. 98, § 34), all liens and privileges for taxes, whether recorded or unrecorded, lapsed at the expiration of either three or five years; this prescription, under the act of 1880 and subsequent acts, being subject to interruption by the pendency of suits preventing the collection of the taxes. There is no sufficient evidence of the pendency of such suits in this record, from which it follows that the taxes for the year 1877 and subsequent years no longer bear upon the property, and the inscriptions thereof should be canceled.
Article 176 of the Constitution of 1879 provided that:
“No mortgage or privilege on immovable property shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time as now or may be prescribed by law; except privileges for the expenses of last illness and privileges for taxes, state, parish and municipal: provided, such privileges shall lapse in three years.”
The prescription thus declared has been held to apply to unrecorded privileges, and to such privileges only. Davidson v. Lindop, 36 La. Ann. 765; Saloy v. Woods, 40 La. Ann. 586, 4 South. 209; Succession of Stewart, 41 La. Ann. 130, 6 South. 587; Factors’ & Traders’ Ins. Co. v. Levi, 42 La. Ann. 437, 7 South. 625; Succession of Parham, 51 La. Ann. 985, 25 South. 947, 26 South. 700. And inasmuch as the relator acquired in 1877, and instituted this suit in 1898, it follows that all the un *241 recorded privileges which were more than three years old at the date last mentioned had lapsed, and no longer bore upon the property.
The question which remains relates to the state taxes of 1875 and 1876. These and t-he privileges by which they are secured, it has been held, are imprescriptible, under the law by the authority of which they were levied and recorded. Acts 1871, p. 115, No. 42, § 37; Reed v. Creditors, 39 La. Ann. 124, 1 South. 784. Having been recorded, they were not affected by article 176 of the Constitution of 1879. It is said, however, that the privileges have lapsed under article 186 of the present Constitution. It is quite certain that they had not lapsed when the present Constitution was adopted, and this court has twice held that the article relied on is not to be so construed as to destroy, eo instanti, recorded privileges for taxes which were then alive, even though they were more than three years old. Succession of William Parham & Wife, 51 La. Ann. 985, 25 South. 947, 26 South. 700; State ex rel. Hart v. City, 51 La. Ann. 912, 25 South. 951. That being the case, and the present suit, which was pending when the Constitution was adopted, having since then operated to prevent the enforcement of the privileges in question, it follows that they are still alive.
It is therefore ordered, adjudged, aud decreed that the judgment appealed from be annulled and reversed in so far as it orders the cancellation of the inscriptions securing the state taxes on the property described in the petition for the years 1875 and 1876, and that in all other respects it he affirmed; the relator to pay the costs of the appeal.