NICHOLLS, J.
On the 4th of October, 1904, the plaintiff, Rousset, filed a petition in which he prayed that the city of New Orleans be cited, and that after due proceedings the inscription of certain taxes, tax privileges, liens, and mortgages in favor of that city on property in the city of New Orleans of which he averred himself to be the owner should be canceled and erased on the ground that “they were prescribed.”
The case seems to have been tried on the following admissions of the parties:
“According to the books of the city comptroller the tax liens and privileges sought to be canceled are for the years 1871, 1873, 1874, 1875, and 1876, amounting, respectively, to. $41.25, $45, $37.50, and $22.50; that the said taxes stand assessed against Widow J. Legardeur; that the said Widow J. Legardeur has no longer any interest in the property on which said taxes are assessed, and that Paul Roussett is the owner thereof; that said taxes are of' record in the mortgage office for this parish (parish of Orleans) in the following books and folios:
Year 1871 in Book 114, folio 256,
“Year 1872 113, 89.
“Year 1873 119, 285.
“Year 1874 142, 255.
“Year 1875 151, 278.
“Year 1876 160, 259.”
Plaintiff in his petition alleged that he had acquired the property by act before A. O. Lapice, notary public, May 8, 1894, registered in O. O. B. 153, folio 374.
Defendant filed two answers. In the first it pleaded a general denial. In the second it pleaded a general denial, specially denying that the tax privileges were prescribed, averring that on the contrary the same were imprescriptible, as would appear by an examination of the decisions of the highest court in the state for the last 30 years. Eur *290 ther answering, it specially denied that article 186 of the Constitution of 1898, which declares that “tax liens, mortgages and privileges shall lapse in three years from the 21st day of December, in the year in which the taxes are levied, and whether now or hereafter recorded,” is retroactive or retrospective; and defendant specially denies that it refers to taxes or liens or privileges or mortgages securing the taxes of the city of New Orleans for the years 1870 to 1876, both inclusive, which were recorded and operative and imprescriptible previous to the adoption of the Constitution of 1898.
Further answering defendant averred that if said article 186 of the Constitution of 1898 was intended to apply, and should be interpreted by this honorable court or an appellate court to apply, to the taxes of the city of New Orleans for the years 1870 to 1876, or to authorize the cancellation and erasure of the liens, mortgages, and privileges securing same, the said article 186 of the Constitution of 1898 was to that extent null, void, illegal, contrary to the Constitution of the United States, and in direct violation of and in conflict with section 10 of article 1 of the Constitution of the United States, which prohibits any state from passing laws that impair the obligation of contracts; that the taxes of the city of New Orleans previous to the year 1879, when collected, were dedicated by Act No. 133, p. 180, of the session of the Legislature for the year 1880, and the amendatory Act No. 67, p. 90, of the year 1884, to the payment in principal and interest and retirement of the outstanding indebtedness of the city of New Orleans, and the ■retirement of certain bonds issued under authority of said acts to liquidate said indebtedness; that thereafter, by authority of Act No. 110, p. 144, of the General Assembly for the year 1890, and the constitutional amendment ratifying said act, which was adopted at the general election of the year 1892, and by article 314 of the Constitution of the year 1898, which ratified and confirmed said legislative Act No. 110, p. 144, of 1890, and said constitutional amendment adopted'in 1892, the taxes of the city of New Orleans, previous to the year 1879, were dedicated to the purpose set forth in said Act No. 133, p. 180, of 1880 and Act No. 67, p. 89, of 1884.
That any subsequent legislation which tends to the extinguishment of said city taxes previous to the year 1879, and to cancellation and erasure of the liens, privileges, and mortgages securing same, and which are accordingly necessary to the enforcement and collection of said taxes, impairs the obligation of the contract entered into by the city of New Orleans or its agent, the board of liquidation of the city debt, and the creditors of said city of New Orleans under the terms of Act No. 133, p. 180, of 1880, and Act No. 67, p. 89, of 1884, and accordingly contravenes article 1, § 10, of the Constitution of the United States.
Wherefore respondent prays that there be judgment in its favor rejecting plaintiff’s demand, and declaring that the city taxes for the years 1870 to 1876, both inclusive, and the liens, privileges, and mortgages securing same, are imprescriptible and unaffected by article 186 of the Constitution of 1898; and respondent further prays for general relief.
The district court rendered judgment in favor of the plaintiff, ordering the cancellation of the inscription of all tax liens, privileges, and mortgages for city taxes on the property for the years 1870 to 1876 inclusive. The city of New Orleans appealed to the Court of Appeal for the parish of Orleans.
While the ease was there pending, the judges of that court certified to this court certain questions or propositions of law therein concerning which they desired instruction of the Supreme Court for its proper decision.
The questions submitted were;
*291 (1) Are recorded tax liens, privileges, and mortgages, which statutes and jurisprudence up to the adoption of the present state Constitution (of 1898) affirmed to be imprescriptible, now made prescriptible under article 186 of that Constitution?
(2) If they are now prescriptible under said article, does the prescription begin to run from the 31st day of December of the year in which the taxes are levied, as declared in article 186 of the Constitution, and, if not, from what date does prescription begin to run?
(3) If recorded city taxes, liens, privileges, and mortgages for the years 1870 to 1876, both inclusive, heretofore imprescriptible, are prescribed by article 186 of the Constitution of 1898, is said article then in conflict with section 10 of article 1 of the Constitution of the United States, as impairing the obligation of contracts between the city of New Orleans and her creditors, resulting from Act No. 130, p. 180, of 1880, Act No. 67, p. 89, of 1884, Act No. 110, p. 144, of 1890, and the constitutional amendment of 1892 based thereon, and article 314 of the Constitution of 1898?
Upon receipt of the application for instructions as to the matters submitted, and on consideration thereof, this court ordered the whole record of the case to be sent up, which has been done.
The city in its pleadings avers nothing which would withdraw from Rousset the rights belonging to a third person. In discussing the issue submitted to the court, we must deal with him as such.
This court did not, in the matter of the Succession of Parham, 51 La. Ann. 985, 25 South. 947, 26 South. 700, and of State ex rel. Hart v. City, 51 La. Ann. 912, 25 South. 951, hold that the privileges securing city taxes for the years 1870 to 1876 were absolutely imprescriptible. It simply decided that the prescription provided for by article 186 of the Constitution of 1898 was not intended by the convention to have for its starting point or commencement a date prior to the adoption of that Constitution. We have carefully examined the decisions bearing upon the questions submitted to the court, and we have found none up to this date which sustain the contention of the city. In Peoples’ Homestead v. Garland, 107 La. 477, 31 South. 892, this court said:
“It is well settled that city taxes are imprescriptible, but that the privileges securing them are prescribed by three years” — citing Succession of Stewart, 41 La. Ann. 128, 6 South. 587, and Miramon v. City of New Orleans, 52 La. Ann. 1626, 28 South. 107.
In this latter case the prior decisions bearing on the question had been referred to in the original opinion and in the opinion on rehearing. They were also brought to the attention of the court in Rousset v. City of New Orleans, 110 La. 1042, 35 South. 281.
In Succession of Parham, 51 La. Ann. 986, 25 South. 949, 26 South. 700, we said:
‘‘We may dispose of the discussion. in the briefs as to the power of a constitutional convention to pass a retroactive ordinance, when it does not impair the obligation of a contract, with the simple statement that the affirmative of the proposition is beyond dispute. The present inquiry is not as to the power,- but as to the intention, of the framers of the organic law.”
In that case the court felt justified in declaring, in view of the well-recognized rule that laws are not to be given a retroactive signification and effect unless the Legislature had in express terms declared such to be its intention; but, the law in this case being prospective and its provisions general, we do not think we would be warranted.in additionally restricting them because the court or some of its members might think the course adopted was unwise, injudicious, or impolitic. Counsel say that to give article 186 of the Constitution a construction which would authorize the extinction of the tax privilege securing the taxes of the city would be to impair the obligation of the contract between the city and her creditors; but we think that *292 position no more tenable than to say that the Legislature would be powerless to attach a future period for the prescription of claims held by a private individual, because the latter were the pledge of his creditors, and to that extent the basis upon which their contracts had been made would be thereby altered, their security reduced, and their contract impaired.
In the matter entitled “In re Lockhart,” reported in 109 La. 747, 33 South. 753, we recognize the right of the Legislature from motives of public policy to force parties to promptness in the enforcement of their legal rights, declaring that, “if they failed to comply with the provisions of the law and lose their rights, it would be their own fault, and not that of the law.” Of course, in the exercise of this power, owners should be accorded a reasonable delay within which to vindicate their rights. It is not pretended that three years was an unreasonably short period. This principie is embodied in article 496 of the Oivil Code.
We are of the opinion, on consideration of the questions submitted, that the judgment of the district court appealed from is correct, and should be affirmed, and we hereby so certify to the Court of Appeal, to which that appeal was taken. The record of the case is ordered to be returned to the Court of Appeal for further proceedings.
On Rehearing.
On reconsideration of this case of our own motion, we are of the opinion that the action hereinbefore taken by us as to the final disposition of the same was erroneous, and that we should have acted upon it as if the issues were before the court on appeal. The court therefore sets aside its former action, and it is now ordered, adjudged, and decreed that the judgment of the district court appealed from be, and the same is hereby, affirmed, with costs. Counsel are authorized to apply for a rehearing upon this judgment.