The state, through Rufus W. Fontenot, Director of Revenue, proceeded by rule against defendant corporation to have it adjudged to be due corporation franchise taxes for the years 1934, 1935 and 1936, the aggregate of which, including statutory penalty of twenty per cent (20%) and ten per cent (10%) attorney's fees, is alleged to be $1,191.31. Judgment therefor is prayed. Service of process was made upon August Goldstein, liquidator of the alleged tax debtor, who filed a plea of prescription of three years in bar of the state's demand, basing same upon Section 19 of Article XIX of the Constitution. Prefatory to the plea, he alleged that long ago he completed the liquidation of the corporation and on July 8, 1936, filed with the Secretary of State appropriate evidence of that fact; that all assets of the corporation had been applied to the discharge of its obligations, and, therefore, its corporate existence had ceased.
When the rule was called for trial, defendant made no appearance and, of course, no evidence was offered in its behalf. Judgment was awarded plaintiff, but through error the amount thereof is fixed at $1,199.31, "together with twenty per cent statutory penalty thereon, and an additional amount of ten per cent * * * as attorney's fees", and costs. The lien and privilege in favor of the state was recognized. Defendant appealed.
Aside from the above mentioned error in the judgment, this appeal presents only one issue, that of law, to-wit:
Is the right to recover the taxes sued for barred by the prescription established by Section 19 of Article XIX of the constitution as amended by Act No. 35 of 1938, ratified by the voters on November 8, 1938? A correct decision of this question depends entirely upon the construction properly due this section of the organic law as amended, in this respect, to-wit:
Does it operate retroactively or prospectively only?
This section relates to the recording of mortgages and privileges on immovable property as a prerequisite to affecting third persons, with certain exceptions, including privileges for taxes, state, parish and municipal. The amendment reads as follows, to-wit: "* * * and provided, further, that all taxes and licenses, other than real property taxes, shall prescribe in three years from the 31st day of December in the year in which such taxes or licenses are due."
The referred to section of the Constitution, prior to the amendment, contained no period of prescription as regards enforcing payment of taxes and licenses due the state. It did provide, as it does now, that "tax liens, mortgages and privileges shall lapse in three years from the 31st day of December in the year in which the taxes are due", etc. And, it is conceded that unless the amendment operates retroactively, the plea of defendant is not tenable because there is no other Constitutional provision nor is there legislative enactment which provides any period of limitation against the state's right to sue for and recover franchise taxes of the character at issue herein. Prior to the amendment such taxes were imprescriptable. State v. Stewart Brothers Cotton *Page 104 
Company, Inc., 193 La. 16, 190 So. 317. If defendant's position that the amendment has retroactive effect is correct, the plea is obviously well founded because more than three years have elapsed since the beginning of the current of prescription against the 1936 taxes, and prior to filing of this action.
It is a familiar canon of construction that legislative enactments as well as constitutional provisions do not operate retroactively unless the purpose to give them such effect clearly appears or is necessarily implied therefrom. Article 8 of the Civil Code contains the general rule on the subject. It tersely says:
"A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts."
American Jurisprudence, Volume 11, paragraph 35, p. 641, gives the rule of construction in this language:
"The presumption that statutory enactments are not to be considered retrospective in their operation unless the intention so to make them clearly appears from their terms has application as well to constitutional provisions."
25 R.C.L., Section 35, p. 787, has this to say on the subject, to-wit:
"Even though the legislature may have the power to enact retrospective laws, a construction which gives to a statute a retroactive operation is not favored, and such effect will not be given unless it is distinctly expressed or clearly and necessarily implied that the statute is to have a retroactive effect. There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature can not be otherwise satisfied. Every reasonable doubt is resolved against a retroactive operation of a statute. If all of the language of a statute can be satisfied by giving it prospective action only that construction will be given it."
In the case of City of Shreveport v. Cole, 129 U.S. 36, 9 S.Ct. 210, 213, 32 L.Ed. 589, the Court, confirmatory of the rule of construction laid down by the textwriters, said:
"Constitutions as well as statutes are construed to operate prospectively only, unless, on the face of the instrument or enactment, the contrary intention is manifest beyond reasonable question."
The syllabus in Etchison Drilling Company v. Flournoy,131 La. 442, 59 So. 867, tersely declares the rule to be:
"A Constitution should operate prospectively only, unless the words employed show a clear intention that it should have a retrospective effect."
A large array of authorities is cited to justify this conclusion.
Now, in view of the well established rule of construction reflected from the above quotations and decisions, let us consider and weigh the language of the amendment, particularly in the light of conditions and circumstances prevailing at the time of its submission to and adoption by the voters of the state, in our effort to determine whether or not it was intended that its operative effect should be retrospective.
When this amendment was adopted, the taxes herein sued for were due and owing to the state. The right to collect such taxes and the correlative right to enforce collection then inhered in the state, and were vested rights within the meaning of Section 15 of Article IV of the Constitution. Certainly, for the state, through its electors, to strip itself of these rights and remit the amounts comprehended therein, as well as in many other cases of like character, involving, perhaps, large amounts in taxes, the intention to do so should be beyond doubt. Such intention does not appear from the language of the amendment. No strained construction is necessary to reach the conclusion that it was not the purpose of the amendment to waive rights at that time vested, but, on the contrary, that the same was intended to and in fact does operate only prospectively is easily deduced from a fair consideration of its own unambiguous language.
There is no reference whatever to past due taxes in the amendment. Simple words could have been employed to indicate that such taxes were to be affected thereby had such been desired; and since words of such import are absent, the inference irresistably arises that their omission was not unintentional. Surely, as said by the text writers, no presumption arises that a law is intended to have retroactive effect because such intention is not positively negatived. The converse is true.
It is worthy of note that the amendment declares that taxes and licenses "shall *Page 105 
lapse" in three years, etc. The use of the word "shall", in view of the context, clearly denotes futurity. This construction comports with everyday use and meaning of the word. To say that "I shall" do a certain act certainly means that performance will take place in the future. Article 14 of the Civil Code is pertinent. It reads:
"The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words."
Prescription against the state in any civil matter does not run except in the instances enumerated in the Constitution or in express declarations of the legislature. Section 16, Article XIX of the Constitution. And, as said previously, neither in the Constitution nor legislative enactments was there fixed a prescriptive period as to enforcement of corporation franchise taxes. There were no such taxes in this state prior to the adoption of Act No. 8 of 1932. The Legislature evidently believed some limitation should be placed upon the exigible character of such taxes and accordingly, the voters were given opportunity to express their will on the subject when the amendment was proposed and submitted to them for their rejection or ratification.
The question under discussion has not heretofore been passed upon by the Supreme Court or either of the Courts of Appeal since the 1938 amendment. However, in Successions of William Parham and Martha Rhodes, 51 La.Ann. 980, 25 So. 947, 26 So. 700, the court did discuss at length and pass upon practically the identical question now before us. The Constitution of 1898 was then in effect. In that case the issue arose upon rule sued out by the administrator of the successions to have canceled the inscriptions of tax liens and privileges against the real estate of the successions for some twenty years of the period beginning with 1872 and ending with 1895. For this entire period the Constitution of 1879 was in effect. While the case was pending the Constitution of 1898 was adopted. The pertinent section of the Constitution of 1879 (No. 176) was in material respects enlarged and its scope extended by Section 186 of the Constitution of 1898. Both sections deal with the necessity of inscription of mortgages and privileges against real estate in order to affect third persons, but excepts therefrom privileges for expenses of last illness and "privileges for taxes, State, parish or municipal". Section 176 ends with this proviso:
"Provided, such privileges shall lapse in three years", while Section 186 closes as follows, to-wit:
"Provided, such tax liens, mortgages, and privileges, shall lapse in three years from the 31st day of December, in the year in which the taxes are levied, and whether now or hereafter recorded."
The contention of the administrator was in effect the same as advanced by the liquidator here; that is, that the prescriptive period of the Constitution of 1898 operated retrospectively as against the taxes of said years and the liens and privileges securing their payment. The court in an exhaustive opinion, supported by copious citations of and quotations from sound authorities, rejected the administrator's contention, and held, as shown from the syllabus of the case:
"The terms of article 186 of the constitution of 1898 relate to the future, and their effect is prospective only; and they can not be given a retrospective operation, the result of which would be a remission of a large amount of delinquent taxes, in the absence of any provision clearly indicative of that purpose on the part of the framers of the organic law."
The identical question tendered herein was passed upon by Judge Porterie of the United States District Court of Louisiana, Eastern Division, in International Shoe Company v. Picard 
Geismar, Ltd., 30 F. Supp. page 570. It was held that the 1938 amendment to section 19 of Article XIX of the Constitution operated only prospectively. This ruling was upheld by the Circuit Court of Appeals, Fifth Circuit, Mayer v. Gros, 116 F.2d page 733, 736. It was therein said:
"There is no merit in the contention that franchise taxes for the years 1933, 1934, and 1935 are barred by prescription under Section 19, Article XIX of the Constitution of Louisiana, 1921, as amended by Act No. 35 of 1938, p. 1095. The receiver recognized the State's claim for taxes as a valid and preferred claim. Moreover, prior to the 1938 amendment to Article XIX there was no prescription applicable to corporation franchise taxes. The wording of the amendment does not indicate that the section was to have retroactive operation and it follows, therefore, that the prescriptive *Page 106 
period provided for is only applicable to taxes falling due after December 8, 1938, the day the amendment became effective. Succession of Parham, 51 La.Ann. 980, 25 So. 947, 26 So. 700; Etchison Drilling Co. v. Flournoy, 131 La. 442, 59 So. 867."
In supplemental brief, counsel of appellant takes the position that the 1938 amendment is merely remedial legislation, affecting procedure, and, therefore, operates retrospectively as well as prospectively; that as it is not substantive law no valid objection can be assigned against its retroactive effect. To support this position many cases and text books are cited and quoted from. The subject is well briefed. The amendment is in its nature remedial, but this does not alter its operative effect as we have found it to be.
The right of the people by amendment to the Constitution to bar action to recover or waive right to collect taxes and licenses due prior thereto is not open to question, but, as before stated, this has not been done. The period of prescription, they have said, shall operate against enforcement of taxes and licenses accruing in the future. Beyond this the amendment does not go.
Also, in supplemental brief, appellant challenges the correctness of the judgment wherein it recognizes a lien and privilege in favor of the state. It is argued that the lien and privilege is prescribed under the plain terms of said section of the Constitution. We agree with this contention.
Under original Section 19 of Article XIX of the Constitution, all tax liens, mortgages and privileges lapsed in three years from the 31st day of December in the year in which the taxes became due. It is clear that tax liens and privileges accruing prior to the 1938 amendment could lapse and yet the right to recover the taxes themselves remain unimpaired.
For the reasons herein assigned, the judgment appealed from is amended in these respects, to-wit:
1. The amount thereof is reduced to one thousand one hundred ninety-one and 31/100 dollars ($1,191.31) inclusive of the twenty per cent (20%) statutory penalty and ten per cent (10%) attorney's fees.
2. Recognition of the lien and privilege is hereby deleted therefrom and set aside.
And, as thus amended, said judgment is affirmed with court costs. *Page 149