CASE 28—A. P. DURHAM APPEALED FROM A JUDGMENT OVERRULING EXCEPTIONS TO A REPORT OF SALE OF HIS REAL ESTATE.—RULE AWARDED AGAINST JAMES W. STRAIT AND OTHERS FOR FAILING TO OBEY THE SUPERSEDEAS, AND PROCEEDING TO SELL UNDER THE JUDGMENT ON EXECUTION ON THE PAST DUE SALE BONDS.—DEC. 7.

# Durham v. Strait, &c.

APPEAL FROM WARREN CIRCUIT COURT—JOHN M. GALLOWAY, CIRCUIT JUDGE.

RULE MADE ABSOLUTE.

CONTEMPT—APPEAL—SUPERSEDEAS—INSUFFICIENT UNDERTAKING—ISSUANCE OF EXECUTION.

1. The issuance of an execution in disobedience of a supersedeas from the court of appeals is not excused by a showing that the clerk of the trial court accepted the surety on the appeal bond under the mistaken belief that the bond was only for the costs on appeal, and that he would not otherwise have accepted it, because the surety was not the owner of sufficient property to make him good for any greater sum than the costs.

2. Where an appellee regards the surety in the appeal bond as insufficient, his remedy is a motion and rule for additional security.

SAMUEL D. HINES AND W. B. GAINES, ATTORNEYS FOR APPELLANT.

J. McKENZIE MOSS AND SIMS & GRIDER, ATTORNEYS FOR APPELLEE.

OPINION OF THE COURT BY JUDGE SETTLE.

A rule was issued in this case from this court against the appellee, Strait, and the master commissioner of the Warren circuit court, a deputy clerk of the court, and sheriff of Warren county, to show cause why they should not be punished for contempt for failing to obey the supersedeas issued from this court; it appearing that they were proceeding, notwithstanding the supersedeas, to sell under the judgment ap-

pealed from a certain house and lot in Bowling Green, under execution issued from the Warren circuit court.

It appears from the response to the rule that the deputy clerk accepted the surety on the appeal bond under the mistaken belief that the bond was only for the costs on appeal, and that he would not otherwise have accepted such surety, but for that fact, as he was not the owner of sufficient property subject to execution to make him good for any greater sum than the costs that might accrue on the appeal. But, learning his mistake after taking the bond, the deputy clerk, at the instance of the master commissioner, and, without giving appellant opportunity to give additional security upon the bond, issued execution on the past due sale bond that had been executed by the purchaser of the house and lot sold under the judgment appealed from, and this execution was levied upon the house and lot sold as the property of the purchaser.

We think the deputy clerk issued the execution without right. It appears that the judgment of the lower court enforced a lien upon appellant's real estate, which was sold under the judgment and purchased by appellant's wife, who executed sale bonds for the purchase money, with security. Thereafter exceptions were filed by appellant to the report of sale, which were overruled by the court, and the sale confirmed, and from the judgment overruling his exceptions and confirming the sale an appeal was prayed and has been taken. The appeal bond was executed before the clerk of the lower court to stay proceedings on the judgment, and the supersedeas followed. It is apparent that the bond executed by the appellant was duly accepted by the deputy clerk, with the surety offered. The fact, if it be a fact, that the surety accepted by the clerk was insufficient, did not authorize him to ignore the bond and supersedeas and issue

execution. If appellee regards the surety in the bond insufficient, his remedy lies in a motion and rule to require additional security.

Regarding the response insufficient, the rule is made absolute.