United States Fidelity & Guaranty Co. v. Jones, &c.

CASE 66.—ACTION BY CY JONES AND ANOTHER AGAINST THE UNITED STATES FIDELITY & GUARANTY COMPANY.—June 10, 1908.

## United States Fidelity & Guaranty Co. v. Jones, &c.

Appeal from Laurel Circuit Court.

H. C. FAULKNER, Circuit Judge.

Judgment for plaintiffs, defendant appeals.—Reversed.

1. Appeal and Error—Supersedeas—Nature and Scope.—A supersedeas suspends the judgment, but does not annul it, or undo what is already done.
2. Same—Suspension of Injunction.—Where a judgment dissolving an injunction is not suspended, because of failure to comply with Civ. Code, Sec. 748, requiring a certain bond to be given before a supersedeas shall issue, the dissolution of the injunction takes effect, and is not affected by a subsequent supersedeas of the judgment.
3. Injunction—Liability on Bond—Damages—Duty to Prevent Damages.—Where a bond was given for an injunction restraining the removal of timber, which injunction was dissolved, damages may not be recovered thereunder by defendant for the idleness of his mules, which had been used in removing the timber, if by the exercise of ordinary diligence he might have obtained other work for them.

LEWIS McQUOWN, W. L. BROWN and ELI H. BROWN for appellant.

SAM C. HARDIN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON, Reversing.

M. A. Miller brought a suit in the Laurel circuit court against Cy Jones and Green Jones, asking that her title to a half interest in a certain tract of land be quieted. She obtained an injunction restraining the defendants from removing the timber from the land during the pendency of the action, and executed an injunction bond, with the United States Fidelity & Guaranty Company as her surety. On the trial of the action her petition was dismissed, and the injunction dissolved. Thereupon this suit was brought by Cy Jones and Green Jones against the United States Fidelity & Guaranty Company upon the injunction bond, to recover the damages they had sustained by reason of the injunction. The defendant filed an answer, controverting the allegations of the petition as to the damages sustained. Afterwards it filed an amended answer, pleading that M. A. Miller had taken an appeal to this court from the judgment dismissing her petition and dissolving her injunction; that she had executed a supersedeas bond; that a supersedeas had issued superseding the judgment of the circuit court; and that the case was pending in this court. The defendant thereupon entered a motion that the action be continued until the appeal was heard and determined in this court. The circuit court overruled the motion, and, the case being tried, the plaintiffs recovered a judgment for $425. The defendant appeals.

In Gardner v. Continental Insurance Co., 101 S. W. 911, 31 Ky. Law Rep. 69, it was held by this court that a supersedeas suspends the judgment, but does not annul it or undo what is already done. It has no retroactive effect; whatever is done under the

judgment while it is superseded is done without authority from the judgment, as it is then powerless. Other authorities are collected in that opinion. See also Durham v. Strait, 119 Ky. 222, 83 S. W. 581, 26 R. 1147, 2 Cyc. 910. In Johnson v. Williams, 82 Ky. 45, it was held that, after the judgment was superseded, the plaintiff could not bring an action upon the judgment and take out an attachment against the defendant's property. As the judgment had not been superseded at the time the action was brought, it was properly instituted; but the subsequent supersedeas took away from the judgment all efficacy while the supersedeas remained in force, and the action should have been continued until the appeal was determined in this court, or the supersedeas was discharged. As the supersedeas does not undo what has been done where it is given pending an action, it does not operate to abate the action, for this might seriously prejudice the plaintiff where he had obtained a lien by his action, or where he had the parties before the court and might be unable, in a second action, to get his process served. But the condition of the bond is that the surety will pay the defendant such damages as he may sustain by reason of the injunction if it is finally decided that the injunction ought not to have been granted. When the judgment dissolving the injunction is superseded, it has not been finally determined that the injunction ought not to have been granted; for that is the question to be determined on the appeal. When a judgment dissolving an injunction is not suspended, as provided in section 748 of the Civil Code of Practice, the injunction is no longer in force. The provisions of that section were not complied with, and so the dissolution of the in-

junction took effect. The injunction being no longer
in force, the defendants were at liberty to proceed
with the cutting of the timber on the land. This right
in them was not affected by the subsequent superse-
deas of the judgment; and if the condition of the bond
had been that the surety would pay the damages sus-
tained if the injunction was dissolved, then the super-
sedeas would have been no defense to this action. But
the condition of the bond is that the surety will pay
the damages sustained if it is finally decided that the
injunction ought not to have been granted, and no
judgment can be entered against the surety when
there is no final decision in force to this effect. The
court, therefore, should have sustained the defend-
ants' motion to continue the case while the superse-
deas was in force.

The chief ground upon which damages were sought
was that the plaintiff in the action had five mules,
which remained idle from the time the injunction
was obtained until it was discharged. The rule in
this class of cases is that the plaintiff cannot recover
any damages which he might have avoided by ordi-
nary care, and that if he could get other work to do
by ordinary diligence, he cannot recover for remain-
ing idle. The plaintiff testified, in effect, that the
mules remained idle because his time was taken up
in taking proof in the action and looking after it, as
he had no time to look around and get work for his
mules or to put them at something else. The proof
taken in the action related to the title to the land. If
no injunction had been taken out, it would have been
just as necessary for the plaintiff to look after the
taking of the proof as it was. The fact that the
plaintiff was unable to work his mules was therefore
due to the fact that he had to attend to the defense

of the lawsuit. Such damages as these are not covered by an injunction bond. If the plaintiff could not attend to the lawsuit and work his mules, he should have gotten somebody else to work the mules, and if work could have been obtained for the mules by ordinary diligence, no recovery can be had upon the bond for their remaining idle. See Lewis v. Scott, 95 Ky. 486, 26 S. W. 192, 16 R. 49, 44 Am. St. Rep. 251; Miller v. Smythe, 92 S. W. 964, 29 Ky. Law Rep. 242. In the latter case the court pointed out what damages might be recovered upon an injunction bond in a case like this, under proper allegations.

Judgment reversed, and cause remanded for a new trial.