NIEVES, DEMANDANTE Y APELANTE, *v.* MÜLLENHOFF ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre cobro de dinero.

No. 1135.—Resuelto en mayo 27, 1915.

APELACIÓN—SENTENCIA DECLARANDO SIN LUGAR LA DEMANDA—PARTES NECESARIAS EN LA APELACIÓN.—Una sentencia que se limita a declarar sin lugar la demanda, absuelve a todos los demandados, y para que pueda revocarse en apelación y declarar que hay causa de acción, es preciso que todos ellos sean notificados del recurso, con mayor motivo en el caso de autos en que siendo la acción contra dos de los demandados subsidiaria a la del otro demandado que no fué notificado de la apelación y dependiente de que contra este último exista causa de acción, habría primero de determinarse si está obligado a pagar la cantidad que se le reclama, y si no lo está, entonces no habría acción alguna contra ninguno de los demandados.

DESESTIMACIÓN DE APELACIÓN—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN A UNA PARTE NECESARIA.—La falta de notificación del escrito de apelación a una parte necesaria que exige el artículo 296 del Código de Enjuiciamiento Civil, da lugar a la desestimación del recurso de acuerdo con el artículo 303 del mismo Código.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. José de Guzmán Benítez.*

Abogados de los demandados William Ludwig Müllenhoff y Francisco M. Cadilla: *Sres. Francis E. Neagle y Frank Antonsanti.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Pedro J. Nieves, como cesionario de los derechos de Julio Maysonet Rivera, presentó demanda en el Tribunal de Distrito de San Juan, Sección 1ª., contra William E. Müllenhoff, William Ludwig Müllenhoff y Francisco Cadilla en la que expuso sustancialmente que su cedente había vendido a William E. Müllenhoff una finca por precio de dos mil pesos de los cuales retuvo el comprador en su poder la cantidad

de mil para entregársela cuando el vendedor ejecutase cierto
acto a que se obligó; que cuando el comprador inscribió su
título en el registro de la propiedad se hizo constar en la
inscripción la responsabilidad de dos mil dólares del precio;
que cuando William Ludwig Müllenhoff, acreedor hipoteca-
rio de la finca, inscribió su derecho de hipoteca en el registro
se mencionó en la relación de gravámenes de la inscripción
que la finca se hallaba afecta al pago de los referidos mil
dólares; y que cuando Francisco M. Cadilla compró la finca
en remate público, tenía conocimiento por el registro de la
propiedad del gravamen real que pesaba sobre ella, por lo
que concluyó suplicando que se condenase a William E. Müllen-
hoff a pagarle los mil dólares que le debía como parte del
precio en que se le vendió la finca y se declarase también que
en defecto de pago tiene preferencia sobre los otros dos de-
mandados para hacer efectiva en la finca objeto de la venta
la cantidad reclamada, pudiendo embargarla y ejecutarla.

La demanda fué excepcionada por los demandados en se-
gundo término William Ludwig Müllenhoff y Francisco M.
Cadilla, por el fundamento, entre otros, de que no aduce he-
chos determinantes de causa de acción y celebrada la vista
de las excepciones el juez las sostuvo y dictó sentencia decla-
rando sin lugar la demanda con las costas a cargo del deman-
dante. Contra esta sentencia interpuso Pedro J. Nieves el
presente recurso de apelación y compareció ante nosotros así
como William Ludwig Müllenhoff y Francisco M. Cadilla, sos-
teniendo cada uno sus respectivas pretensiones.

En la demanda no se solicita la rescisión o resolución del
contrato de compraventa que celebraron William E. Müllen-
hoff y Julio Maysonet, cedente del demandante, por haber
dejado de pagar el primero al segundo la suma de mil dólares
del precio aplazado de los terrenos y por tanto no es mate-
ria de discusión si la resolución del contrato podía afectar
o nó los derechos de los demandados William Ludwig Müllen-

hoff y Francisco M. Cadilla. La demanda sólo se dirige a obtener de William E. Müllenhoff el pago de la mencionada cantidad, sin que de ella aparezca que esté asegurada con hipoteca debidamente inscrita en el registro de la propiedad, sino solamente mencionada en él.

Estudiando nosotros el caso para resolverlo observamos que dados los términos en que la sentencia apelada está redactada absuelve de la demanda a todos los demandados, ya que su único pronunciamiento es el de declarar sin lugar la demanda; y para que podamos revocarla y declarar que hay causa de acción es preciso que tengamos ante nosotros a todas las partes a quienes pueda afectar nuestra sentencia, con mayor motivo en este caso en que siendo la acción contra William Ludwig Müllenhoff y Francisco M. Cadilla subsidiaria a la de William E. Müllenhoff y dependiente de que contra éste exista causa de acción, habría primero de determinarse si está obligado a pagar la cantidad que se le reclama, pues si no lo está, entonces no habría acción alguna contra ninguno de los demandados; conclusión a la que también llegó el juez sentenciador pues según la opinión que escribió en este caso el comprador no estaba obligado a pagar los mil pesos que se le reclaman. Por estas razones y porque de la transcripción no aparece que William E. Müllenhoff fué notificado de la apelación quisimos oir a las partes que han comparecido ante nosotros, sobre si William E. Müllenhoff es parte necesaria en la apelación y si procedía desestimar el recurso.

El apelante en su alegato escrito sobre este extremo sostiene que dicho demandado es una parte necesaria en el pleito, que fué citado y emplazado por medio de edictos y que no se le notificó la apelación, pero nada dice sobre si es o no parte necesaria en la apelación.

Según lo que antes hemos expuesto el demandado William E. Müllenhoff es parte necesaria en esta apelación, debió ser notificado de ella, y la falta de este requisito exigido por el

artículo 296 del Código de Enjuiciamiento Civil da lugar a la desestimación del recurso de acuerdo con el artículo 303 del mismo Código. *Candelas* v. *Ramírez,* 20 D. P. R., 33, y *Martínez* v. *Sucesión Laurido,* 21 D. P. R., 30.

El recurso de apelación debe ser desestimado.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.