NEFTALÍ VIDAL GARRASTAZÚ, EL AL., demandantes y apelantes, v. JUAN A. MONAGAS, ET ALS., demandados y apelados.

Núm. 8541.—*Sometido:* Junio 15, 1942. *Resuelto:* Julio 28, 1942.

*José R. Gelpí* y *J. Alemañy Sosa,* abogados de los apelantes; *José Sabater,* abogado del Sr. Juan A. Monagas y de la Sucesión de la Rosa, apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda enmendada radicada en febrero 9 de 1938 por Neftalí Vidal y su madre Juana Garrastazú, como herederos de Ramiro Vidal, se designaron como partes demandadas a Juan A. Monagas, Sucesión de Ramón E. Beauchamps, Sucesión de Rosario de la Rosa y Sucesión de Arturo Monagas Cedó.

Los hechos esenciales alegados en la demanda son:

Don Ramiro Vidal adeudaba a don José Mora la suma de $900, por cuya suma el acreedor Mora obtuvo sentencia a su favor, ante la Corte de Distrito de Mayagüez en febrero 14 de 1919. En la fecha de su fallecimiento, septiembre 17 de 1921, Ramiro Vidal era dueño de un condominio pro-indiviso de una tercera parte en la hacienda nombrada "Belvedere", en el término municipal de Cabo Rojo, compuesta de 1,470 cuerdas de terreno, de las cuales 600 son de primera, 400 de segunda y el resto de tercera clase. El demandado Juan A. Monagas es condueño de dicha hacienda.

Con posterioridad al fallecimiento de Vidal, el demandado Juan A. Monagas, con la intención fraudulenta de apropiarse de y hacer inscribir a su nombre la participación de Vidal en la hacienda "Belvedere", "se puso de acuerdo y en combinación con Ramón E. Beauchamps", para que éste comprara como efectivamente compró, por la suma de $800, la sentencia que contra Vidal tenía don José Mora. De acuerdo con el alegado plan existente entre Monagas y Beauchamps, éste, en abril 2 de 1923, mediante solicitud *ex parte* y sin notificar a los demandantes, se hizo subrogar como demandante en lugar del Sr. Mora e hizo que el demandante Neftalí Vidal, que a la sazón tenía siete años de edad, fuera sustituído como demandado en lugar de su difunto padre, haciendo al mismo tiempo que doña Juana Garrastazú fuese sustituída como demandada en concepto de cónyuge viuda y no en su carácter de madre con patria potestad sobre su hijo menor de edad. En abril 9, 1923, Beauchamps, actuando en combinación con Monagas, obtuvo una orden para la ejecución de la sentencia en bienes personales del deudor y si éstos no fuesen bastantes, entonces en los inmuebles. De acuerdo con dicha orden, el márshal anunció la subasta del condominio de los demandantes en la hacienda "Belvedere". En mayo 17 de 1923 se llevó a efecto la subasta, adjudicándose el condominio al Sr. Ramón E. Beauchamps por

la suma de $900. Tanto a Monagas como a Beauchamps les constaba que los herederos de Vidal, aquí demandantes, eran dueños de pagarés hipotecarios al portador por un valor de $1,933, de los cuales era deudora la Sociedad Agrícola "Monagas & Vidal", de la que era socio el demandado Juan A. Monagas; y que la hacienda "Belvedere" tenía entonces un valor mayor de $100,000.

El 18 de mayo de 1923, o sea el día siguiente al de la subasta y venta a su favor, Ramón Beauchamps vendió el condominio de una tercera parte en la Hacienda "Belvedere" a Juan A. Monagas, casado con Rosario de la Rosa, por la suma de $1,602.

Se alegan, entre otras, como causas de nulidad de la subasta y de las escrituras otorgadas por el márshal a Beauchamps y por éste a Monagas, las siguientes:

(a) Que todo ello fué el resultado de una combinación entre Monagas y Beauchamps para defraudar a los demandantes.

(b) Que la Corte de Distrito de Mayagüez, después de haber transcurrido cuatro años y un mes desde que la sentencia a favor de Mora quedó firme—marzo 16, 1919 a abril 2, 1923—no tenía jurisdicción para ordenar la sustitución de partes por medio de peticiones ex parte y sin notificación o citación de los herederos del deudor de la sentencia.

(c) Que la venta del condominio se hizo sin que se embargara previamente el mismo y sin que se notificara el embargo a los demandantes como herederos del deudor de la sentencia.

(d) Que al demandado Monagas le constaba que su socio Ramiro Vidal había pagado el importe de la sentencia y que no adeudaba nada cuando falleció.

Las alegaciones contenidas en la segunda causa de acción en nada se refieren al causante de la Sucesión de Ramón E. Beauchamps. Nos abstendremos de hacer una relación de

las mismas, por creerla innecesaria para la resolución de la única cuestión sometida a nuestra consideración.

Los demandados, con excepción de la Sucesión de Ramón E. Beauchamps, comparecieron y formularon excepción previa a la demanda, basándola en insuficiencia de los hechos alegados, indebida acumulación y defecto de partes demandadas, y ambigüedad, duda e ininteligibilidad de sus alegaciones. Interpusieron al mismo tiempo las defensas especiales de *res judicata, estoppel* y prescripción.

La Sucesión de Ramón E. Beauchamps, no obstante haber sido debidamente emplazada—tres de sus componentes personalmente y tres de ellos por edictos, por residir fuera de la isla—no compareció y se le anotó la rebeldía.

En marzo 6 de 1942, la Corte de Distrito de Mayagüez dictó sentencia declarando que la demanda no aduce hechos suficientes para constituir causa de acción; que la acción ha prescrito por haber transcurrido el período de cuatro años que marca la ley; y que el demandado Juan A. Monagas ha adquirido por prescripción el dominio del inmueble que se trata de reivindicar. En su consecuencia declaró sin lugar la demanda, condenando a los demandantes al pago de las costas, sin incluir honorarios de abogado. En marzo 30 de 1942 los demandantes apelaron, radicando oportunamente ante esta corte la transcripción de autos y su alegato en apoyo del recurso.

Los demandados apelados Juan A. Monagas y Sucesión de Rosario de la Rosa solicitan la desestimación del recurso, alegando que esta Corte Suprema carece de jurisdicción para conocer del mismo, ''porque la apelación no ha sido notificada a los componentes de la Sucesión de Ramón E. Beauchamps, demandados en este caso y partes necesarias e interesadas en el caso.''

¿Son los componentes de la Sucesión de Ramón E. Beauchamps partes interesadas en el resultado del presente recurso y por tanto necesarias para que esta Corte pueda

conocer del mismo y confirmar o revocar la sentencia recurrida? La contestación afirmativa de esta pregunta será suficiente para que desestimemos el recurso.

Los actos cuya nulidad se pide en la primera causa de acción fueron todos, según se alega, ejecutados por Ramón E. Beauchamps en virtud de una conspiración o combinación fraudulenta formada y existente entre él y Juan A. Monagas y que tenía por objeto y fin el de defraudar a los demandantes, apropiándose del condominio que estos tenían en la hacienda "Belvedere". Por tratarse de actos y contratos en los cuales intervinieron conjuntamente Monagas y Beauchamps fué necesario hacer a éste último—y en su defecto a su Sucesión—parte demandada.

El efecto que la anotación de rebeldía pudiera tener contra la Sucesión Beauchamps quedó anulado y destruído por la sentencia recurrida dictada en favor de los otros demandados, declarando la demanda insuficiente y prescrita la acción. La acción que se trata de ejercitar contra Monagas y la Sucesión Beauchamps, por estar basada en la existencia de una alegada combinación o conspiración fraudulenta, es una e indivisible. Beauchamps no podía por sí solo conspirar para defraudar a los demandantes. Al resolver la corte inferior que los hechos alegados en la demanda no son suficientes para determinar una causa de acción basada en una conspiración, esa sentencia beneficia tanto a los demandados comparecientes como a los demandados que se hallan en rebeldía. Y es lógico que así sea, pues, si las alegaciones de la demanda no son suficientes para sostener que Monagas conspiró o se combinó con Beauchamps, tampoco deben serlo para sostener que Beauchamps se combinó o conspiró con Monagas. Consideramos aplicable a este caso lo resuelto por esta Corte Suprema en *Valiente & Co. v. Corte,* 52 D.P.R. 732. La anotación de rebeldía no es una sentencia. Ésta no puede dictarse en contra del demandado en rebeldía hasta que se haya presentado prueba

demostrativa de la existencia de la causa de acción que alega el demandante, salvo en los casos comprendidos dentro de las disposiciones del inciso 1 del artículo 194 del Código de Enjuiciamiento Civil, las cuales no son aplicables al de autos. Si prospera la defensa alegada por los demandados comparecientes, esa defensa redunda en beneficio de los demandados en rebeldía y la sentencia final debe dictarse en favor de todos. Véase nota en 78 A.L.R. 939. Black *on Judgments,* vol. 1 (2nd ed.) p. 310.

Teniendo, como ya hemos resuelto, la Sucesión Beauchamps derecho al beneficio de la sentencia dictada en favor de los otros demandados comparecientes, debemos resolver también que dicha Sucesión tiene un interés en que dicha sentencia no sea alterada en su perjuicio y es por consiguiente parte interesada en el recurso.

La Sucesión Beauchamps es no solamente parte interesada si que también necesaria en el pleito. Su causante intervino en la realización de los actos y en la celebración de los contratos que se dice fueron realizados y celebrados con el propósito de defraudar a los demandantes. Esos actos y contratos no pueden ser anulados sin que estén ante la corte todos los que en los mismos intervinieron. En la súplica de la demanda se pide que se condene a los demandados, "mancomunada y solidariamente", a pagar a los demandantes $100,000 como valor del condominio en cuestión, más $64,000 importe de los productos, rentas, beneficios y utilidades de dicho condominio desde septiembre 17 de 1921, más costas, gastos y honorarios.

La revocación de la sentencia recurrida expondría a la Sucesión Beauchamps a todas las responsabilidades que hemos mencionado.

Apareciendo afirmativamente del récord que dicha Sucesión no ha sido notificada del escrito de apelación y siendo ella parte interesada y necesaria para que esta corte pueda adquirir jurisdicción para conocer del recurso, procede declarar con

lugar la moción de desestimación. (*Martínez v. Sucesión Laurido*, 21 D.P.R. 30; *Galafar v. Sucn. Morales*, 22 D.P.R. 491; *Nieves v. Mullenhoff*, 22 D.P.R. 528; *Collazo v. Rivera*, 26 D.P.R. 92; y *Ramírez v. Ramírez,* 26 D.P.R. 132.)

*Se desestima el recurso por falta de jurisdicción.*