JUAN A. MONAGAS ET AL., Petitioners, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent; NEFTALÍ VIDAL, Intervener.

No. 1699. Argued April 11, 1947.—Decided June 6, 1947.

*José Sabater* for petitioners. *Juan Alemañy Sosa* for intervener.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The petition for certiorari herein alleges, in substance, (1) that in an action brought by Neftalí Vidal y Garrastazú against the petitioners, for the liquidation of a partnership and for other relief, the District Court of Mayagüez, on December 8, 1944, rendered judgment for the plaintiff, from which an appeal was taken by the petitioners to this Court, which affirmed the same by a judgment rendered on November 12, 1946; [1] (2) that the petitioners applied to this Court to withhold the mandate and to grant them a term for filing a motion for rehearing which was presented on December 9, 1946; (3) that this Court had said motion under considera-

---

[1] *Vidal* v. *Monagas,* 66 P.R.R. 588. Cf. *Vidal* v. *Monagas,* 60 P.R.R. 763.

tion until it denied it on February 27, 1947; (4) that notice of the latter decision was served on the attorney for the petitioners on February 26 and on the following day the petitioners filed in this Court all the documents pertaining to the appeal from the judgment filing a cost bond for $250, and requested that all the proceedings be stayed until the United States Circuit Court of Appeals for the First Circuit should decide the appeal, and that the amount of the corresponding supersedeas bond be fixed; (5) that at this stage, on the same day, February 27, Neftalí Vidal, plaintiff therein, filed in the District Court of Mayagüez a motion for the appointment of a receiver to take charge of the property owned by the partnership Monagas & Vidal including the Belvedere Estate, and to administer it under the orders of the lower court for the benefit of said partnership until the latter were liquidated and its property divided among its members; (6) that the District Court of Mayagüez set March 4, 1947, at 9 A.M., to hear the parties and on that day the petitioners appeared and filed an opposition to the motion for the appointment of a receiver and alleged that the district court lacked jurisdiction to make such an appointment; (7) that when the question of lack of jurisdiction for the appointment of the receiver in said case was submitted to the lower court, and notwithstanding the fact that the mandate had been withheld by this Court, the Judge of the District Court of Mayagüez stated in open court that he would proceed to consider and decide the question of jurisdiction and that, if he dismissed petitioners' opposition he would set March 6 for hearing evidence on the appointment of the receiver; and that, accordingly, on the afternoon of March 4, 1947, the clerk of the lower court notified the attorney for the petitioners that the District Court of Mayagüez had overruled the objection of lack of jurisdiction raised before it.

After alleging in the two succeeding paragraphs of the petition that the lower court is without jurisdiction and the

reason why they resort to this Court, the petitioners prayed that a writ of certiorari be issued and that the order of March 4 of the present year referred to above be finally set aside.

The writ sought was issued and after the respondent court and the plaintiff in the main action were served with notice, a hearing was held in this Court on April 11 of the present year, and the proceeding was finally submitted to us. The intervener, Neftalí Vidal, in his answer admits some of the averments of the petition, denies others, and states, among other things, that since the contract of lease of the Belvedere Estate is about to expire, the petitioners herein have abandoned the cane ratoons planted therein and have stopped cultivating the same, which will cause their total loss.

Before proceeding with this discussion, we deem it advisable to state that the supersedeas bond mentioned in the petition for certiorari was filed by the petitioners herein on March 29 and that it was finally approved by this Court on the 22d of last month.

■■ As it will have been noted, the essential question to be decided in this proceeding is whether the defendants, petitioners herein, having taken an appeal from the judgment rendered by us to the United States Circuit Court of Appeals for the First Circuit and opportunely furnished a supersedeas bond in the amount fixed by this Court, which has been approved by us, the District Court of Mayagüez has jurisdiction to appoint a receiver.

The supersedeas bond furnished by the petitioners and approved by this Court is authorized by subdivision 4 of Rule 10 of the Revised Rules of the United States Circuit Court of Appeals for the First Circuit, effective September 20, 1940. That subdivision in its pertinent part reads thus:

"4.—*Supersedeas Bond.*—Whenever an appellant entitled thereto desires a stay on appeal, he may present to this court or the court below for its approval a supersedeas bond which shall have such surety or sureties as the court may require. The bond shall be conditioned for the satisfaction of the judgment in full together

with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as this court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs of the appeal, interest, and damages for delay, unless this court or the court below after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond . . . ."

In the present proceeding the amount of the supersedeas bond was fixed at $150,000, for which it was furnished by the petitioners and approved by this Court. According to the language of subdivision 4 of Rule 10, said bond will answer for the total amount of the judgment, as well as for costs, interest, and damages for delay. The wording of the bond furnished, which consists partly of a personal obligation signed by several sureties and partly of a mortgage constituted on the Belvedere Estate itself, substantially follows the terms of the above-mentioned Rule 10.

We should state in passing, that subdivision 4 of the aforesaid Rule 10 is nothing else than a copy, almost verbatim, of Rule 73($d$) of the Federal Rules of Civil Procedure. In connection with the latter rule, we have been unable to find any specific case identical with the one now before us, nor any discussion on a question similar to the one involved herein. However, we have found a case which bears close resemblance to the present one. It is *Gardner et al.* v. *Continental Ins. Co.,* (Ky. 1907) 101 S.W. 911. The facts involved therein were as follows: A contract of insurance existed between the parties and the appellee attempted to enforce a mortgage debt on a 100–acre property belonging to the appellant. The lower court rendered judgment for the former as prayed. An appeal was taken from the judgment and the latter was reversed and the case remanded with directions to the lower court to dismiss the action. Upon taking a new

appeal, the appellant furnished a supersedeas bond and, notwithstanding that bond, the lower court, by an order entered at appellant's instance and over appellant's objection, placed the land in controversy in the hands of a receiver, with instructions to rent it and hold the rents subject to the order of the court. By a rule to show cause, issued at the request of the appellant, the appellate court requested the receiver to surrender possession of the land. The only question presented on the appeal, as it was stated, was whether the lower court had authority to place appellant's land in the hands of a receiver and deprive him of the use thereof, pending the appeal, while proceedings on the judgment appealed from were stayed by virtue of the supersedeas bond.

The Court of Appeals of Kentucky, in deciding the case, said:

"Manifestly, the lower court was without authority to enter the order referred to. Section 752, Civ. Code Proc., defines "supersedeas" to be a written order signed by the clerk commanding the appellee and all others to stay proceedings on the judgment or order. The effect of this was to stay proceedings on the judgment. 'A supersedeas suspends the efficacy of the judgment, but does not, like a reversal, annul the judgment itself. Its object and effect are to stay future proceedings, and not to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual. A consequence of this is that whatever is done under the judgment after and while it is superseded, being done without authority from the judgment, which is then powerless, and against the authority and mandate of the supersedeas, should be set aside as improperly and irregulary done; but that whatever is done according to the judgment before the supersedeas takes effect is upheld by the authority of the judgment, and is not overreached by the supersedeas' (Citing authorities.)"

Other decisions which contain statements similar to those found in *Gardner* v. *Continental Ins. Co., supra,* regarding the scope of a supersedeas bond, are the following: *Powell* v. *Florida Land & Improvement Co.,* 26 So. 700, 41 Fla. 494;

*Sena* v. *District Court,* 240 Pac. 202, 204, 30 New Mexico 505; *State* v. *Small,* 90 Pac. 1110, 1111, 49 Ore. 595; *U. S. Fidelity & Guaranty Co.* v. *Jones,* 111 S.W. 298 and *Hall* v. *Smith-McKenney Co.,* 172 S.W. 125.

When the District Court of Mayagüez rendered its order on March 4 of the present year, the supersedeas bond had not yet been filed by the petitioners nor approved by us. At that time said court had jurisdiction to take cognizance of the matter submitted to it. However, its jurisdiction ceased from the time of the approval of the said bond.

Having reached the conclusion that upon the approval of the supersedeas bond given by the petitioners herein the District Court of Mayagüez lost its jurisdiction to appoint a receiver in this case, we think it advisable, in order to avoid a multiplicity of proceedings,[2] to state our views regarding the situation as it stands at present, to wit: Until a definitive (*firme*) judgment is rendered in the action for liquidation of the partnership, the petitioners continue to be the owners of the Belvedere Estate; they continue to be the lessors under any contract of lease involving said estate which might exist at the time of the rendition of our judgment; they are the ones to whom the said estate must be surrendered at the expiration of any contract of lease; and as owners of that property, they are the persons authorized to enter into any new contract of lease, which will be subject to any applicable *lis pendens* notice recorded in the registry.

The order rendered by the District Court of Mayagüez on March 4, 1947, in civil case No. 4545 of that court, should be set aside.

---

[2] By reason of the action taken by the District Court of Mayagüez after an appeal was taken to the United States Circuit Court of Appeals for the First Circuit from the judgment rendered by us in case No. 9240 of this Court (No. 4545 of said district court), *Vidal* v. *Monagas,* proceedings for a writ of prohibition, No. 96, *Monagas* v. *Ramírez Pabón, Judge,* and for certiorari, No. 1710, *Monagas* v. *District Court of Mayagüez,* have already been instituted in this Court.