JUAN A. MONAGAS, ETC., peticionarios, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. RODOLFO RAMÍREZ PABÓN, JUEZ, demandada; NEFTALÍ VIDAL, interventor.

Núm. 1699.—*Sometido:* Abril 11, 1947. *Resuelto:* Junio 6, 1947.

*José Sabater*, abogado de los peticionarios; *Juan Alemañy Sosa*, abogado del interventor.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la petición de *certiorari* que está ante nuestra consideración se alega sustancialmente (1) que en el caso seguido por Neftalí Vidal y Garrastazú contra los peticionarios, so-

422

bre liquidación de sociedad y otros extremos, se dictó sentencia por la Corte de Distrito de Mayagüez en 8 de diciembre de 1944 declarando con lugar la demanda, que de ella apelaron los peticionarios para ante este Tribunal Supremo y que la misma fué confirmada por sentencia dictada en 12 de noviembre de 1946;[1] (2) que los peticionarios solicitaron de este Tribunal retuviera el mandato y les concediera un término para radicar moción de reconsideración, la que fué presentada el 9 de diciembre de 1946; (3) que esta Corte estuvo considerando dicha moción hasta que la declaró sin lugar en 24 de febrero de 1947; (4) que esta última resolución fué notificada al abogado de los peticionarios el 26 de febrero y al día siguiente ellos radicaron ante este Tribunal todos los papeles relativos a la apelación de la sentencia, prestaron la fianza de costas montante a $250 y además solicitaron que todos los procedimientos fueran suspendidos y paralizados hasta que la corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito resolviera la apelación, y que se fijara al efecto la correspondiente fianza de *supersedeas;* (5) que así las cosas el mismo día 27 de febrero el allí demandante Neftalí Vidal presentó ante la Corte de Distrito de Mayagüez una moción para que se nombre un síndico que se incaute de los bienes de la sociedad Monagas & Vidal, entre ellos de la Hacienda Belvedere, y los administre de acuerdo con las órdenes que dé la corte inferior para beneficio de dicha sociedad hasta que la misma sea liquidada y los bienes sean divididos entre sus socios; (6) que la Corte de Distrito de Mayagüez señaló el 4 de marzo de 1947, a las 9.-a. m. para oír a las partes y en dicho día comparecieron los peticionarios y radicaron una oposición a la solicitud sobre nombramiento de síndico, alegando que la corte de distrito carecía de jurisdicción para nombrar el mismo; (7) que sometida a la corte inferior la cuestión de falta de jurisdicción para nombrar un síndico en dicho caso

[1] *Vidal* v. *Monagas,* 66 D.P.R. 622. *Cf. Vidal* v. *Monagas,* 60 D.P.R. 783.

y a pesar de que el mandato está retenido en este Tribunal la Corte de Distrito de Mayagüez manifestó en corte abierta que procedería a considerar y resolver la cuestión de jurisdicción y que si declaraba sin lugar la oposición de los peticionarios, señalaría el día 6 de marzo para oír la prueba con respecto al nombramiento del síndico, y que efectivamente en la tarde del 4 de marzo de 1947, el secretario de la corte inferior notificó al abogado de los peticionarios que la Corte de Distrito de Mayagüez había declarado sin lugar la cuestión de jurisdicción planteádale.

Luego de alegarse en los dos párrafos subsiguientes que la corte inferior carece de jurisdicción y la razón por la cual acuden ante este Tribunal, los peticionarios solicitaron la expedición de un auto de certiorari y que en definitiva se anule la resolución de 4 de marzo del año en curso a que ya se ha hecho referencia.

El auto interesado fué expedido por nosotros y después de notificarse a la corte recurrida y a la parte demandante en el pleito principal, la vista del mismo tuvo lugar en 11 de abril del presente año, quedando el recurso sometido entonces a nuestra consideración. En la contestación del interventor Neftalí Vidal se aceptan algunos hechos de la petición, se niegan otros y se sostiene entre otras cosas que como el contrato de arrendamiento de la Hacienda Belvedere está próximo a vencer los aquí peticionarios tienen abandonados los retoños de las cañas allí sembrados y no hacen obra de cultivo en los mismos, lo que ocasionará que éstos se pierdan en su totalidad.

Antes de proseguir es conveniente hacer constar que la fianza de supersedeas a que se hace referencia en la petición de certiorari fué prestada por los aquí peticionarios con fecha 29 de marzo y que la misma quedó definitivamente aprobada por este Tribunal en 22 del pasado mes.

La cuestión fundamental a decidirse en este recurso es, conforme se habrá notado, si habiendo los deman-

dados, aquí peticionarios, apelado de la sentencia dictada por nosotros para ante la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito y prestado en su oportunidad una fianza de supersedeas por la suma fijada por este Tribunal, y habiéndose aprobado por nosotros dicha fianza la Corte de Distrito de Mayagüez tiene jurisdicción para proceder al nombramiento de un síndico.

La fianza de supersedeas prestada por los peticionarios y aprobada por este Tribunal está autorizada por el inciso 4 de la Regla 10 de las promulgadas por la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito, con efectividad a partir del 20 de septiembre de 1940. Ese inciso reza en lo pertinente así:

"4. *Fianza de Supersedeas.* Cuando un apelante con derecho para ello desee que se suspendan los procedimientos mientras se tramita la apelación, él puede presentar ante esta corte o ante la corte inferior para su aprobación una fianza de supersedeas, la que tendrá el fiador o los fiadores que la corte exija. La fianza tendrá como condición el pago de la sentencia en su totalidad, junto con las costas, intereses y daños ocasionados por la demora, si por cualquier motivo la apelación es desestimada o si la sentencia es confirmada, así como el pago total de la sentencia modificada, y las costas, intereses y daños que esta corte pueda decretar o conceder. Cuando la sentencia es una que puede hacerse efectiva en dinero y la misma no esté garantizada en alguna otra forma, la cuantía de la fianza se fijará en una suma que cubra el monto total de la sentencia que permanezca insoluta, más las costas de la apelación, intereses y daños ocasionados por la demora, a menos que esta corte o la corte inferior, luego de notificar y oír a las partes, fije por justa causa demostrada una suma diferente o determine que se preste una garantía distinta a la fianza. . . ."

En el recurso de autos la fianza de supersedeas se fijó en la suma de $150,000 y por esa cantidad fué prestada por los peticionarios y aprobada por este Tribunal. De acuerdo con el contexto del inciso 4 de la Regla 10 dicha fianza responderá de la cuantía total de la sentencia, así como de las costas, intereses y daños ocasionados por la demora. La fra-

scología de la fianza prestada, que lo fué parcialmente mediante obligación personal suscrita por varios fiadores y parcialmente a virtud de fianza hipotecaria sobre la propia Hacienda Belvedere, sigue substancialmente los términos de la ya mencionada Regla 10.

Debemos decir de paso que las tantas veces citada Regla 10 en su inciso 4 no es otra cosa que una copia casi literal de la Regla 73(*d*) de las de Procedimiento Federal. En relación con esta última regla no hemos encontrado ningún caso específico que sea idéntico al que nos ocupa, ni ningún comentario sobre una cuestión similar a la aquí envuelta. Sin embargo, hemos hallado un caso muy parecido al presente. Éste lo es el de *Gardner et al.* v. *Continental Ins. Co.* (Ky. 1907) 101 S.W. 911. Los hechos en él envueltos fueron los siguientes: Entre las partes litigantes existía un contrato de seguros y la apelada trató de ejecutar una deuda hipotecaria sobre una finca de 100 acres perteneciente a la apelante. La corte inferior dictó sentencia a favor de aquélla de acuerdo con la súplica de la demanda. Se apeló de la sentencia y la misma fué revocada, ordenándose la devolución del caso con instrucciones a la corte inferior de desestimar el recurso. Al apelarse nuevamente la apelante prestó una fianza de supersedeas y no obstante ésta, la corte inferior mediante orden dictada a instancias de la apelada, y por sobre la objeción de la apelante, puso la finca en controversia en manos de un síndico y dió a éste instrucciones de cederla en arrendamiento y de retener las rentas sujetas a las órdenes de la corte. A virtud de una orden para mostrar causa, librada a petición de la apelante, el tribunal superior exigió del síndico que entregara la posesión del terreno. La única cuestión presentada por el recurso, según se hizo constar, fué si la corte inferior tenía autoridad para poner la finca de la apelante en manos de un síndico y para privarle del uso de ella mientras la apelación estaba pendiente y mientras la sentencia apelada estaba en suspenso a virtud de la fianza de supersedeas.

La Corte de Apelaciones de Kentucky al resolver el caso se expresó así:

"Evidentemente, la corte inferior carecía de autoridad para dictar la orden a que nos hemos referido. El art. 752 del Código de Enjuiciamiento Civil define 'supersedeas' como un mandamiento escrito firmado por el secretario ordenando a la parte apelada y a cualesquiera otras personas que suspendan los procedimientos objeto de la sentencia u orden recurridas. El efecto de un supersedeas, es suspender todos los procedimientos en el recurso a que la sentencia se contrae. 'Una fianza de supersedeas suspende la eficacia de la sentencia, mas no tiene el efecto, como ocurre con una revocación, de anular la sentencia en sí. Su objeto y efecto son suspender los procedimientos futuros y no deshacer lo que ya se ha hecho. Ella no tiene efecto retroactivo, de tal forma que prive a la sentencia de su eficacia y autoridad desde el principio, sino que meramente los suspende mientras la misma tiene de por sí eficacia. Una consecuencia de esto es que todo aquello que se haga a virtud de la sentencia, mientras ésta está suspendida, por realizarse en ausencia de autoridad de la sentencia, la que carece entonces de eficacia, y en contra de la autoridad y del mandato del supersedeas, debe ser dejado sin efecto por haberse llevado a cabo indebida e irregularmente; mas todo aquello que se realiza de acuerdo con la sentencia antes de empezar a regir la fianza de supersedeas debe ser sostenido por la autoridad de la sentencia, siempre que no sea alcanzada por los efectos de aquélla.' (Citas)."

Otros casos que se expresan en forma similar a como lo hace el de *Gardner* v. *Continental Ins. Co.*, supra, respecto al alcance de una fianza de supersedeas son los siguientes: *Powell* v. *Florida Land & Improvement Co.*, 26 So. 700, 41 Fla. 494; *Sena* v. *District Court*, 240 Pac. 202, 204, 30 New Mexico 505; *State* v. *Small*, 90 Pac. 1110, 1111, 49 Or. 595; *U. S. Fidelity & Guaranty Co.* v. *Jones*, 111 S. W. 298 y *Hall* v. *Smith-McKenney Co.*, 172 S.W. 125.

Cuando la Corte de Distrito de Mayagüez dictó su resolución en marzo 4 del año en curso, la fianza de supersedeas no había sido aún prestada por los peticionarios ni aprobada por nosotros. Para aquel entonces dicha corte tenía jurisdicción para conocer del asunto que se presentó a su con-

sideración. Sin embargo, desde el día en que aprobamos la referida fianza su jurisdicción cesó.

Habiendo llegado a la conclusión de que una vez aprobada la fianza de supersedeas prestada por los aquí peticionarios la Corte de Distrito de Mayagüez perdió su jurisdicción para designar un síndico en este caso, creemos muy conveniente, a fin de evitar multiplicidad de procedimientos,(²) hacer constar nuestro criterio sobre el estado actual de las cosas, a saber: Hasta tanto la sentencia que se dicte en el caso sobre liquidación de sociedad, etc., resulte firme e inapelable los peticionarios continúan siendo los dueños de la Hacienda Belvedere; siguen siendo los arrendadores en cualquier contrato de arrendamiento que pudiera existir sobre dicha Hacienda al momento de dictarse nuestra sentencia; son los llamados a recibir la entrega de la citada Hacienda a la expiración de cualquier contrato de arrendamiento, y son las personas autorizadas para celebrar, como dueños de dicha propiedad, cualesquiera nuevos contratos de arrendamiento, sujetos éstos a los efectos de cualquier anotación de *lis pendens* que pudiera haber en el Registro.

*Debe anularse la resolución dictada por la Corte de Distrito de Mayagüez con fecha 4 de marzo de 1947 en el caso civil número 4545 de dicha corte.*

(²)Con motivo de actuaciones de la Corte de Distrito de Mayagüez después de haberse apelado para ante la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito de la sentencia dictada por nosotros en el caso número 9240 de este Tribunal (4545 de dicha Corte de Distrito), *Vidal* v. *Monagas*, ya se han radicado ante nos el Auto Inhibitorio número 96, *Monagas* v. *Ramírez Pabón, Juez,* y el Certiorari número 1710, *Monagas* v. *Corte de Distrito de Mayagüez.*